UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF MICHIGAN

In re:

  MEGAN ELIZABETH BROWN ,

Case No. DL 18-05202
Hon. Scott W. Dales
Chapter 7

            Debtor.
_____/

MEGAN ELIZABETH BROWN,

Adversary Pro. No. 18-80158

            Plaintiff,

v.

NELNET ,

            Defendant.
_____/

MEMORANDUM OF DECISION AND ORDER

PRESENT:    HONORABLE SCOTT W. DALES
            Chief United States Bankruptcy Judge

*Pro se* Debtor Megan Elizabeth Brown (the "Plaintiff") filed and purported to serve an amended Complaint to Determine Dischargability of Debt Persuant [sic] to §523(A)(8) (ECF No. 4, the "Complaint").  When defendant "Nelnet" (the "Defendant")[1] failed to respond to the Complaint, the Clerk entered default under Fed. R. Civ. P. 55(a).  *See* Entry and Notice of Default (ECF No. 8).  By filing the Complaint, the Plaintiff seeks to discharge more than $88,000 in student loan debt, notwithstanding the exception to discharge that would otherwise apply under 11 U.S.C. § 523(a)(8).  Shortly after entry of default, the Plaintiff filed a Request for Entry of Default Judgement [sic] (ECF No. 12, the "Motion").  The Clerk set the Motion for a hearing.

In preparing for the hearing, the court determined that non-party Erin Brown attempted to serve the Defendant by mailing a copy of the summons and Complaint to "Nelnet" at a post office box in Lincoln, Nebraska, on February 4, 2019 (three weeks after the Clerk issued the summons).  *See* ECF No. 5 (Summons in Adversary Proceeding issued Jan. 14, 2019) and ECF No. 7

---

[1] The court assumes that "Nelnet" is the Defendant's trade name, and that the Defendant has a more formal legal name.

(Certificate of Service dated Feb. 4, 2019).  The court's review revealed at least two defects regarding service that it must raise before entering any judgment in this matter.[2]

First, a plaintiff in an adversary proceeding must deliver or mail the summons and complaint to the defendant within seven days after the Clerk issues the summons.  *See* Fed. R. Bankr. P. 7004(e).  Here, as noted above, Ms. Brown served the summons and complaint twenty-one days after the Clerk issued the summons, rendering the summons "stale."  Unlike the deadline for answering a complaint in non-bankruptcy litigation, which generally runs from the date the plaintiff *serves* the summons, the deadline for answering a complaint in an adversary proceeding in bankruptcy runs from the date the Clerk *issues* it.  *See* Fed. R. Bankr. P. 7012(a) (in general, response to complaint is timely if filed within thirty days after issuance of summons).  A summons mailed twenty-one days after the Clerk issues it gives the defendant less than a week to file a timely response, considerably less than the rules contemplate.

Second, when serving a corporation by mail, a plaintiff in an adversary proceeding must mail a copy of the summons and complaint "to the attention of an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process and, if the agent is one authorized by statute to receive service and the statute so requires, by also mailing a copy to the defendant."  Fed. R. Bankr. P. 7004(b)(3).  Mailing the summons and complaint simply to "Nelnet" at a post office box is not sufficient.

Proper service of the summons and complaint is crucial to a court's obtaining personal jurisdiction over a defendant, and improper service may give rise to a due process challenge, resulting in a collateral attack on the judgment under Fed. R. Bankr. P. 9024.  Rather than give the Plaintiff the relief and peace of mind she seeks by asking for the default judgment under the circumstances, entering judgment based on improper service could foreseeably embroil her in later litigation.  Entering judgment at this time would ultimately frustrate her goal in filing the Complaint.

Accordingly, the court will deny the Motion, without prejudice, and with instructions to properly serve the Defendant.  The court assumes that the information the Plaintiff requires to do so (such as the formal name of the Defendant, address, and its officers) is available through a simple internet search, or Nelnet's own website, or the Securities and Exchange Commission's

---

[2] Because the court determined in advance of the hearing on the Motion that it could not enter judgment by default at this time, it canceled the hearing to avoid inconveniencing the parties.

EDGAR database of corporate filings, such as annual reports or quarterly statements typically signed by, and identifying, a president or chief executive officer  (assuming Nelnet is publicly listed).  *See, e.g.,* https://www.sec.gov/edgar/searchedgar/companysearch.html.

To assist the Plaintiff in complying with the rules governing service, the court will direct the Clerk to reissue the summons and send it to the Plaintiff who may serve it, together with the amended Complaint, on the Defendant in accordance with the court's rules and this Order.  Finally, because *pro se* litigants are typically unfamiliar with the sometimes complex rules governing service of process, the court finds cause to extend the time for completing service.  *See* Fed. R. Civ. P. 4(m) (applicable through Fed. R. Bankr. P. 7004(a)).

NOW, THEREFORE, IT IS HEREBY ORDERED as follows:

1.      The Motion (ECF No. 8) is DENIED without prejudice;

2.      The time for serving the summons and amended Complaint is extended to August 9, 2019; and

3.      The Clerk shall promptly reissue a summons and deliver it to the Plaintiff.

IT IS FURTHER ORDERED that the Clerk shall serve a copy of this Order pursuant to Fed. R. Bankr. P. 9022 and LBR 5005-4 upon Megan Elizabeth Brown and Nelnet, Inc.

END OF ORDER

**IT IS SO ORDERED.**

**Dated June 14, 2019**



Scott W. Dales
United States Bankruptcy Judge